## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

**BRENDA BELL**, individually and on behalf
of all others similarly situated,

        *Plaintiff,*

*v.*

**ROYAL SEAS CRUISES, INC.,** a Florida
corporation,

        *Defendant.*

Case No.

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

### CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Brenda Bell ("Bell" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Royal Seas Cruises, Inc. ("Royal Seas" or "Defendant") to: (1) stop its practice of placing calls using "an artificial or prerecorded voice" to the telephones of consumers nationwide without its prior express written consent, (2) enjoin Defendant from continuing to place prerecorded telephone calls to consumers who did not provide its prior written express consent to receive them, (3) stop its practice of placing calls to consumers whose numbers have been listed on the national Do Not Call Registry, (4) stop its practice of placing pre-recorded calls to consumers who have asked that the calls stop, and (5) obtain redress for all persons injured by its conduct.

Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

1

## NATURE OF THE ACTION

1.      Defendant Royal Seas is a travel company based in Fort Lauderdale, Florida that offers cruise vacations to The Bahamas.

2.      Unfortunately for consumers, Defendant casts its marketing net too wide. That is, in an attempt to promote its cruises and to generate sales, Defendant conducted (and continue to conduct) a wide-scale telemarketing campaign that features the repeated making of unsolicited pre-recorded voice message phone calls to consumers' phones in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

3.      By making the prerecorded calls at issue in this Complaint, Defendant caused Plaintiff and the other members of the Class actual harm and cognizable legal injury. This includes: (a) the aggravation and nuisance and invasions of privacy that result from the receipt of such calls, (b) wear and tear on their telephones, (c) loss of battery life, (d) loss of value realized for monies consumers paid to its carriers for the receipt of such calls, and (e) the diminished use, enjoyment, value, and utility of its telephone plans. Furthermore, Defendant made the calls knowing they interfered with Plaintiff and the other Class members' use and enjoyment of, and the ability to access their phones, including the related data, apps, software, and hardware components.

4.      The TCPA was enacted to protect consumers from prerecorded phone calls like those alleged and described herein. In response to Defendant' unlawful conduct, Plaintiff brings this action seeking injunctive relief requiring Defendant to cease all prerecorded telephone calling activities to telephones without first obtaining prior express consent required by the

TCPA, an award of statutory damages to the members of the Class under the TCPA, plus costs, pre and post-judgment interest, and reasonable attorneys' fees.

5.      Defendant also made repeated calls to numbers listed on the National Do Not Call Registry and to persons who have asked Defendant to stop calling.

## PARTIES

6.      Plaintiff Brenda Bell is a natural person and resident of Springfield, Clark County, Ohio.

7.      Defendant Royal Seas is a corporation incorporated and existing under the laws of the State of Florida with its principal place of business located at 1770 NW 64th Street, Suite 600, Fort Lauderdale, Florida 33309.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute.

9.      The Court also has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) *et seq*. ("CAFA") because there are over 100 class members, there is minimal diversity, and there is over $5,000,000 at issue when the claims of the Classed are aggregated. None of the exceptions to CAFA applies.

10.      This Court has personal jurisdiction over Defendant because Defendant maintains its principal place of business in this District, conducts a significant amount of business in this District, solicits consumers in this District and throughout the United States, made and continues to make unsolicited prerecorded calls from this District, and because the wrongful conduct giving rise to this case occurred in and/or emanated from this District. On information and belief, the members of Defendant reside in this District.

11.     Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant maintains its principal place of business in this District, conducts a significant amount of business within this District and markets from this District. Further, the wrongful conduct giving rise to this case occurred in and/or emanated from this District.

## COMMON FACTUAL ALLEGATIONS

12.     In recent years, companies such as Defendant have turned to unsolicited telemarketing as a way to increase their customer base. Widespread telemarketing is a primary method by which Defendant recruits new customers.

13.     As explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires "*prior express written consent* for all autodialed or prerecorded telemarketing calls to wireless numbers and residential lines." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

14.     In violation of this rule, Defendant fails to obtain any prior express written consent to make these prerecorded telemarketing calls.

15.     Defendant further places calls to persons whose numbers are on the National Do Not Call Registry and even after people ask that the calls stop (thus revoking any supposed consent Defendant may claim to have had).

16.     At all times material to this Complaint, Defendant was and remains fully aware that unsolicited telemarketing calls are being made to consumers' telephones through its own efforts and its agents. All calls were made on behalf of, and for the benefit of, both Defendant.

17.     Defendant Royal Seas knowingly made (and continues to make) unsolicited telemarketing calls without the prior express written consent of the call recipients. In so doing,

4

Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, it also intentionally and repeatedly violated the TCPA.

### FACTS SPECIFIC TO PLAINTIFF BELL

18.     Plaintiff registered her phone number ending in 3250 on the National Do Not Call Registry on July 8, 2015.

19.     On November 6, 2018, Plaintiff received an unsolicited call from Royal Seas on her cellphone. The call consisted of a pre-recorded voice message and originated from the phone number 937-719-5553. On this call, Plaintiff asked that Defendant stop calling her.

20.     Despite this request, Plaintiff received additional calls from Defendant on November 8, 2018 (from phone number 937-719-5557), on November 13, 2018 (from phone number 937-719-5543), on November 14, 2018 (from phone number 937-719-5544), and on November 16, 2018 (from phone number 937-719-5558).

21.     On information and belief, the calls were pre-recorded voice calls.

22.     Plaintiff never provided her prior express written or oral consent to Defendant to call her.

23.     The call was for the purpose of marketing Defendant's cruise products and services.

24.     Plaintiff had never done any business with Defendant and had no existing business relationship.

25.     By making unauthorized prerecorded calls as alleged herein, Defendant has caused consumers actual harm in the form of annoyance, nuisance, and invasion of privacy. In addition, the calls disturbed Plaintiff's use and enjoyment of her phone, and caused wear and tear to the phone's hardware (including the phone's battery). In the present case, a consumer could be

subjected to many unsolicited pre-recorded voice calls as the Defendant ignores the requirement of prior express written consent.

26.    In order to redress these injuries, Plaintiff, on behalf of herself and the Classes of similarly situated individuals set forth below, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited pre-recorded voice calls to cell telephones.

27.    On behalf of the Class, Plaintiff seeks an injunction requiring Defendant to cease all unlawful telemarketing activities and an award of statutory damages to the class members, together with costs, pre- and post-judgment interest, and reasonable attorneys' fees.

## CLASS ALLEGATIONS

28.    Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and all others similarly situated and seeks certification of the following Classes:

> **Prerecorded No Consent Class:** All persons in the United States from four years prior to the filing of the instant action to the date notice is sent to the Class who: (1) Defendant (or a third person acting on behalf of Defendant) made calls, (2) to the person's cellphone or residential number, (3) using a pre-recorded voice or message, (4) for whom Defendant claims it obtained prior express consent to call in the same manner and through the same source(s) as Defendant claims it obtained prior express consent to call the Plaintiff.

> **Stop Class:** All members of the Prerecorded No Consent Class who requested not to be called but received at least one additional call.

> **DNC Class**: All persons in the United States (1) who, after their phone numbers had been listed on the National Do Not Call Registry for at least 30 days, (2) were called by Defendant at least twice in any twelve-month period, (3) for the same purpose as Defendant placed calls to the Plaintiff; (4) after having obtained consent to call in the same manner as consent was obtained to call the Plaintiff.

29.    The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its

subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definitions following appropriate class discovery.

30.     **Numerosity**: The exact size of each Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant made prerecorded calls to thousands of consumers who fall into the definition of the Classes. Members of the Classes can be identified through Defendant's records and by reference to other objective criteria.

31.     **Commonality and Predominance**: There are several questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a)     whether Defendant's conduct constitutes a violation of the TCPA;

(b)     whether Defendant obtained prior express consent to contact any class members using a pre-recorded voice;

(c)     whether Defendant made the calls using a prerecorded voice or recorded message;

(d)     whether Defendant placed calls to persons who previously asked for the calls to stop;

(e)     whether Defendant placed multiple calls to persons on the Do Not Call Registry; and

(f)     whether members of the Class are entitled to treble damages
based on the willfulness of Defendant's conduct.

32.     **Adequate Representation**: Plaintiff will fairly and adequately represent and
protect the interests of the Classes, and has retained counsel competent and experienced in class
actions. Plaintiff has no interests antagonistic to those of the Class Members, and Defendant has
no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting
this action on behalf of the members of the Classes and have the financial resources to do so.
Neither Plaintiff nor her counsel has any interest adverse to the Classes.

33.     **Appropriateness**: This class action is also appropriate for certification because
Defendant has acted or refused to act on grounds generally applicable to the Classes and as a
whole thereby requiring the Court's imposition of uniform relief to ensure compatible standards
of conduct toward the members of the Classes and making final class-wide injunctive relief and
corresponding declaratory relief appropriate. Defendant's business practices apply to and affect
the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on
Defendant's conduct with respect to the Classes as a whole, not on facts or law applicable only to
Plaintiff. Additionally, the damages suffered by individual members of the Classes will likely be
small relative to the burden and expense of individual prosecution of the complex litigation
necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of
the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class
action provides the benefits of single adjudication, economies of scale, and comprehensive
supervision by a single court. Economies of time, effort, and expense will be fostered and
uniformity of decisions will be ensured. No governmental action has been brought covering this
same Defendant and subject matter.

## FIRST CAUSE OF ACTION
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the Prerecorded No Consent Class)

34.     Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

35.     Defendant made prerecorded calls to telephone numbers belonging to Plaintiff and other members of the Prerecorded No Consent Class without first obtaining prior express consent to receive such calls as required by the TCPA and its implementing regulations.

36.     Defendant made the calls using a pre-recorded voice message.

37.     By making the prerecorded calls to Plaintiff and the telephone numbers of members of the Prerecorded No Consent Class without their prior express consent, and by utilizing pre-recorded voice message to make those calls, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) and 47 U.S.C. § 227(b)(1)(B).

38.     The calls were for telemarketing purposes and announced the commercial availability of Defendant's cruise products and services.

39.     Neither Plaintiff nor any other member of the alleged Class provided Defendant with prior express written or oral consent to call.

40.     Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii) and 47 U.S.C. § 227(b)(1)(B). As a result of Defendant's conduct, Plaintiff and the other members of the Prerecorded No Consent Class are each entitled to, under 47 U.S.C. § 227(b)(3)(B), a minimum of $500.00 in damages for each violation of such act.

41.     In the event that the Court determines that Defendant's conduct was willful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Prerecorded No Consent Class.

**SECOND CAUSE OF ACTION**
**Violation of 47 C.F.R. § 64.1200(d)** *et seq.*
**(On behalf of Plaintiff and the DNC Class)**

42.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

43.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

44.     47 C.F.R. § 64.1200(e), in turn, provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the FCC's July 3, 2003 Report and Order.

45.     The July 3, 2003 Report and Order provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.[1]

46.     47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entitles making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

47.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, repeated telephone solicitations to telephone subscribers such as Plaintiff and the DNC Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government. These consumers requested to not receive calls from Defendants, as set forth in 47 C.F.R. § 64.1200(d)(3).

48.     Defendant also violated 47 C.F.R. § 64.1200(d) by failing to have a written policy regarding do not call requests available on demand and by failing to inform or train its personnel regarding any such internal do not call list.

49.     Defendant made more than one unsolicited telephone call to Plaintiff and other members of the DNC Class within a 12-month period without their prior express consent to receive such calls. Plaintiff and other members of the DNC Class never provided any form of consent to receive telephone calls from Defendants.

50.     Defendant does not have a current record of consent to place telemarketing calls to them.

51.     Defendant never obtained prior express consent to place calls to Plaintiff or the other members of the DNC Class.

52.     Defendant violated 47 C.F.R. § 64.1200(d) by initiating calls for telemarketing purposes to residential and wireless telephone subscribers, such as Plaintiff and the DNC Class, without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them.

53.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the members of the DNC Class received more than one telephone call (at least two) in a 12-month period made by or on behalf of Defendants in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendants' conduct as alleged herein, Plaintiff and the DNC Class suffered actual damages and, under section 47 U.S.C. § 227(c), are each entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

54.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by Plaintiff and the DNC Class.

**THIRD CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227(b),** *et seq.*
**(On behalf of Plaintiff and the Stop Class)**

55.     Plaintiff incorporates the foregoing allegations as if set forth fully herein.

56.     Plaintiff and the other members of the Stop Class requested that Defendant and its agents stop placing calls to them.

57.     Despite such requests, Defendant placed additional autodialed calls to the Stop class members.

58.     Any consent to call had been expressly revoked.

59.     As a result of Defendant's unlawful conduct, Plaintiff and the members of the Stop Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular phones, lost data, and other damages, and, under Section 227(b)(3)(B) are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

60.     Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Stop Class.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Brenda Bell, individually and on behalf of the Class, prays for the following relief:

1.  An order certifying the Class as defined above, appointing Plaintiff Bell as the representative of the Class, and appointing her counsel as Class Counsel;

2.  An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

3.  Treble damages in case willful or knowing violations are proven;

4.  An order declaring that Defendant's actions, as set out above, violate the TCPA;

5.  An injunction requiring Defendant to cease all unsolicited pre-recorded calling activities and otherwise protecting the interests of the Class;

6.  An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above;

7.  An award of pre- and post-judgment interest; and

8.  Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully Submitted,
**BRENDA BELL**, individually and on behalf of a
Class of similarly situated individuals

Dated: March 22, 2019

By:   /s/ Ryan S. Shipp
One of Plaintiff's Attorneys

Law Office of Ryan S. Shipp, PLLC
Ryan S. Shipp, Esq. (FL Bar Number 52883)
814 W. Lantana Rd. Suite 1,
Lantana, Florida 33462
(561) 699-0399
Email: Ryan@shipplawoffice.com

Steven L. Woodrow*

14

swoodrow@woodrowpeluso.com
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 E. Mexico Avenue, Suite 300
Denver, Colorado 80210
Tel: 720-213-0675
Fax: 303-927-0809
*Attorneys for Plaintiff and the Class*

*\* Pro Hac Vice Admission to Be Sought*