UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA (FT. LAUDERDALE)

Case No. 0:19-cv-60752-RAR – Ruiz

BRENDA BELL, individually and on behalf    CLASS ACTION
of others similarly situated

    Plaintiff,

    v.

ROYAL SEAS CRUISES, INC.,

    Defendant.
_____/

## ROYAL SEAS CRUISES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Defendant, Royal Seas Cruises, Inc. ("RSC"), a Florida corporation, files its Answer and Affirmative Defenses in response to the Class Action Complaint and Demand for Jury Trial ("Complaint") of Plaintiff Brenda Bell ("Plaintiff"), individually and on behalf of others similarly situated.

## ANSWER

### PRELIMINARY STATEMENT

1.     RSC denies the truth of the allegations contained in Paragraph 1 of the Complaint.

2.     RSC denies the truth of the allegations contained in Paragraph 2 of the Complaint.

3.     RSC denies the truth of the allegations contained in Paragraph 3 of the Complaint.

4.     Paragraph 4 of the Complaint contains only legal conclusions and RSC respectfully refers to the entirety of the TCPA, its full legislative history, agency interpretations, and case law for its full and proper interpretation and effect, and otherwise denies any allegations contained in Paragraph 4 of the Complaint.

5.     RSC denies the truth of the allegations contained in Paragraph 5 of the Complaint.

## PARTIES

6. RSC denies knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 6 of the Complaint.

7. RSC admits the truth of the allegations contained in Paragraph 7 of the Complaint.

## JURISDICTION AND VENUE

8. RSC admits that this Court has federal question jurisdiction for actions that arise under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), but denies that RSC engaged in any wrongful conduct under the TCPA as alleged in Paragraph 8 of the Complaint.

9. RSC denies the truth of the allegations contained in Paragraph 9 of the Complaint.

10. RSC admits only that it is a Florida corporation that previously sold and marketed cruise vacation packages, and otherwise denies the truth of the allegations contained in Paragraph 10 of the Complaint.

11. RSC admits only that it is a Florida corporation that previously sold and marketed cruise vacation packages, and otherwise denies the truth of the allegations contained in Paragraph 11 of the Complaint.

## FACTUAL ALLEGATIONS

12. RSC denies the truth of the allegations contained in Paragraph 12 of the Complaint.

13. Paragraph 13 of the Complaint contains only legal conclusions and RSC respectfully refers to the entirety of the TCPA, its full legislative history, agency interpretations, and case law for its full and proper interpretation and effect, and otherwise denies any allegations

contained in Paragraph 13 of the Complaint.

14. RSC denies the truth of the allegations contained in Paragraph 14 of the Complaint.

15. RSC denies the truth of the allegations contained in Paragraph 15 of the Complaint.

16. RSC denies the truth of the allegations contained in Paragraph 16 of the Complaint.

17. RSC denies the truth of the allegations contained in Paragraph 17 of the Complaint.

## FACTS SPECIFIC TO PLAINTIFF BELL

18. RSC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint. To the extent a response is required, RSC denies the truth of the allegations contained in Paragraph 18 of the Complaint.

19. RSC denies making any calls to Plaintiff and denies the truth of the allegations contained in Paragraph 19 of the Complaint.

20. RSC denies making any calls to Plaintiff and denies the truth of the allegations contained in Paragraph 20 of the Complaint.

21. RSC denies making any calls to Plaintiff and denies the truth of the allegations contained in Paragraph 21 of the Complaint.

22. RSC denies making any calls to Plaintiff and denies the truth of the allegations contained in Paragraph 22 of the Complaint.

23. RSC denies making any calls to Plaintiff and denies the truth of the allegations contained in Paragraph 23 of the Complaint.

24. RSC denies making any calls to Plaintiff and denies the truth of the allegations contained in Paragraph 24 of the Complaint.

25. RSC denies making any calls to Plaintiff and denies the truth of the allegations contained in Paragraph 25 of the Complaint.

26. RSC admits that Plaintiff brings this suit on behalf of herself and similarly situated individuals, but denies that Plaintiff or putative class members are entitled to redress for any actions of RSC.  Further, Paragraph 26 of the Complaint contains only legal conclusions and RSC respectfully refers to the entirety of the TCPA, its full legislative history, agency interpretations, and case law for its full and proper interpretation and effect, and otherwise denies any allegations contained in Paragraph 26 of the Complaint.

27. RSC denies that Plaintiff and putative class members are entitled to any relief sought in Paragraph 27 of the Complaint.  Further, Paragraph 27 of the Complaint contains only legal conclusions and RSC respectfully refers to the entirety of the TCPA, its full legislative history, agency interpretations, and case law for its full and proper interpretation and effect, and otherwise denies any allegations contained in Paragraph 27 of the Complaint.

## CLASS ALLEGATIONS

28. RSC admits that Plaintiff purports to bring this case as a class action but denies that any class can or should be certified and denies that Plaintiff or any class members are entitled to such relief.  RSC further denies that Plaintiff can satisfy any of the requirements under Federal Rule of Civil Procedure 23(a), (b)(2), or (b)(3).

29. RSC denies the truth of the allegations contained in Paragraph 29 of the Complaint.

30. RSC denies the truth of the allegations contained in Paragraph 30 of the

Complaint.

30. RSC denies the truth of the allegations contained in Paragraph 31 of the Complaint.

32. RSC denies the truth of the allegations contained in Paragraph 32 of the Complaint.

33. RSC denies the truth of the allegations contained in Paragraph 33 of the Complaint.

**FIRST CAUSE OF ACTION**

34. RSC re-alleges and incorporates the foregoing paragraphs as if fully set forth herein.

35. RSC denies the truth of the allegations contained in Paragraph 35 of the Complaint.

36. RSC denies the truth of the allegations contained in Paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint contains only legal conclusions and RSC respectfully refers to the entirety of the TCPA, its full legislative history, agency interpretations, and case law for its full and proper interpretation and effect, and otherwise denies any allegations contained in Paragraph 37 of the Complaint.

38. RSC denies the truth of the allegations contained in Paragraph 38 of the Complaint.

39. RSC denies the truth of the allegations contained in Paragraph 39 of the Complaint.

40. Paragraph 40 of the Complaint contains only legal conclusions and RSC

respectfully refers to the entirety of the TCPA, its full legislative history, agency interpretations, and case law for its full and proper interpretation and effect, and otherwise denies any allegations contained in Paragraph 40 of the Complaint, and denies that Plaintiff and putative Prerecorded No Consent Class members are entitled to the relief sought therein.

41. Paragraph 41 of the Complaint contains only legal conclusions and RSC respectfully refers to the entirety of the TCPA, its full legislative history, agency interpretations, and case law for its full and proper interpretation and effect, and otherwise denies any allegations contained in Paragraph 41 of the Complaint, and denies that Plaintiff and putative Prerecorded No Consent Class members are entitled to the relief sought therein.

## SECOND CAUSE OF ACTION

42. RSC re-alleges and incorporates the foregoing paragraphs as if fully set forth herein.

43. Paragraph 43 of the Complaint contains only legal conclusions and RSC respectfully refers to the entirety of the TCPA, its full legislative history, agency interpretations, and case law for its full and proper interpretation and effect, and otherwise denies any allegations contained in Paragraph 43 of the Complaint.

44. Paragraph 44 of the Complaint contains only legal conclusions and RSC respectfully refers to the entirety of the TCPA, its full legislative history, agency interpretations, and case law for its full and proper interpretation and effect, and otherwise denies any allegations contained in Paragraph 44 of the Complaint.

45. Paragraph 45 of the Complaint contains only legal conclusions and RSC respectfully refers to the entirety of the TCPA, its full legislative history, agency interpretations, and case law for its full and proper interpretation and effect, and otherwise denies any allegations

contained in Paragraph 45 of the Complaint.

46.   Paragraph 46 of the Complaint contains only legal conclusions and RSC respectfully refers to the entirety of the TCPA, its full legislative history, agency interpretations, and case law for its full and proper interpretation and effect, and otherwise denies any allegations contained in Paragraph 46 of the Complaint.

47.   Paragraph 47 of the Complaint contains only legal conclusions and RSC respectfully refers to the entirety of the TCPA, its full legislative history, agency interpretations, and case law for its full and proper interpretation and effect, and otherwise denies any allegations contained in Paragraph 47 of the Complaint.

48.   Paragraph 48 of the Complaint contains only legal conclusions and RSC respectfully refers to the entirety of the TCPA, its full legislative history, agency interpretations, and case law for its full and proper interpretation and effect, and otherwise denies any allegations contained in Paragraph 48 of the Complaint.

49.   RSC denies the truth of the allegations contained in Paragraph 49 of the Complaint.

50.   RSC denies the truth of the allegations contained in Paragraph 50 of the Complaint.

51.   RSC denies the truth of the allegations contained in Paragraph 51 of the Complaint.

52.   Paragraph 52 of the Complaint contains only legal conclusions and RSC respectfully refers to the entirety of the TCPA, its full legislative history, agency interpretations, and case law for its full and proper interpretation and effect, and otherwise denies any allegations contained in Paragraph 52 of the Complaint.

53. Paragraph 53 of the Complaint contains only legal conclusions and RSC respectfully refers to the entirety of the TCPA, its full legislative history, agency interpretations, and case law for its full and proper interpretation and effect, and otherwise denies any allegations contained in Paragraph 53 of the Complaint, and denies that Plaintiff and putative DNC Class members are entitled to the relief sought therein.

54. Paragraph 54 of the Complaint contains only legal conclusions and RSC respectfully refers to the entirety of the TCPA, its full legislative history, agency interpretations, and case law for its full and proper interpretation and effect, and otherwise denies any allegations contained in Paragraph 54 of the Complaint, and denies that Plaintiff and putative DNC Class members are entitled to the relief sought therein.

## THIRD CAUSE OF ACTION

55. RSC re-alleges and incorporates the foregoing paragraphs as if fully set forth herein.

56. RSC denies the truth of the allegations contained in Paragraph 56 of the Complaint.

57. RSC denies the truth of the allegations contained in Paragraph 57 of the Complaint.

58. RSC denies the truth of the allegations contained in Paragraph 58 of the Complaint.

59. Paragraph 59 of the Complaint contains only legal conclusions and RSC respectfully refers to the entirety of the TCPA, its full legislative history, agency interpretations, and case law for its full and proper interpretation and effect, and otherwise denies any allegations contained in Paragraph 59 of the Complaint, and denies that Plaintiff and putative Stop Class

members are entitled to the relief sought therein.

60. Paragraph 60 of the Complaint contains only legal conclusions and RSC respectfully refers to the entirety of the TCPA, its full legislative history, agency interpretations, and case law for its full and proper interpretation and effect, and otherwise denies any allegations contained in Paragraph 60 of the Complaint, and denies that Plaintiff and putative Stop Class members are entitled to the relief sought therein.

61. Answering the unnumbered paragraphs including Plaintiff's prayer for relief and its paragraphs "1" through "8", RSC denies that Plaintiff and putative class members are entitled to the relief sought.

62. RSC denies each and every allegation in the Complaint not specifically admitted herein and denies that Plaintiff and putative class members are entitled to the relief requested in the Complaint.

## DEFENSES AND AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a plausible claim upon which relief can be granted because the factual allegations are incomplete and/or do not state a claim for relief under the TCPA against RSC.  Plaintiff has failed to allege what party made the purported telephone calls, including whether or not Plaintiff is basing liability upon a special relationship between RSC and the actual entity or entities that allegedly called Plaintiff, thereby giving rise to some theory of third-party liability by RSC for the alleged telephone calls.  Therefore, these allegations are not enough to raise a right to relief above the speculative level.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff fails to state a plausible basis for class relief pursuant to Federal Rule of Civil

Procedure 23, in that, *inter alia*, Plaintiff cannot identify an ascertainable class and, even if it could, the claims Plaintiff asserts cannot be common or typical of the claims of the putative class; nor is class relief superior to other available methods for fairly and efficiently adjudicating the claims Plaintiff assert warrant class treatment. The elements of Rule 23(a) and (b) cannot be met, and individualized fact issues, including but not limited to whether any member of the proposed DNC class used their telephone number for business purposes, will predominate over common issues. Further, the proposed classes is overly broad, "fail-safe," and otherwise unascertainable.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by her and class members' prior express written consent to receive solicitations on their cellular and/or residential telephone numbers, and such consent was never validly revoked.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims and claims of putative class members are barred by the doctrine of Estoppel. Upon information and belief, Plaintiff solicited and/or encouraged the alleged calls described in his Complaint, and knowingly consented to the recording of such calls, for the purpose of generating a lawsuit against RSC and alleging claims of a putative class as leverage to exact a settlement for his own personal benefit in an amount vastly exceeding any damages he could ever claim for his individual claims.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' damages, if any, and none being admitted, were not caused by RSC, but by another person or entity, including Plaintiff and putative class members, for whom RSC is not responsible and over whose activities RSC exercises no control

and/or has no right to control.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint must be dismissed because it is a shotgun pleading that incorporates all preceding allegations into each cause of action.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff did not suffer any concrete harm or actual injury.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff and putative class members did not suffer any concrete harm separate and apart from a violation of the TCPA and Plaintiff alleges bare procedural statutory violations divorced from any actual, concrete injury-in-fact. Plaintiff and putative class members therefore lack standing.

## NINTH AFFIRMATIVE DEFENSE

RSC complied with all applicable statutory, regulatory, and common law requirements and accordingly, Plaintiff's claims are barred by RSC compliance with all applicable State, Federal, and local laws and regulations.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the TCPA violates RSC's First Amendment right to free speech. Specifically, the TCPA improperly inhibits the exercise of constitutionally protected speech.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the imposition on RSC of statutory damages and/or exemplary/punitive damages under the TCPA, within the context of a class action, is violative of

RSC's constitutional rights under the Due Process provisions of the United Statutes Constitution and the Eighth Amendment prohibition against excessive fines and cruel and unusual punishment.

### TWELFTH AFFIRMATIVE DEFENSE

Maintenance of this action as a class action is inconsistent with the legislative intent of the TCPA in that the United States Congress intended that claims under the TCPA proceed as individual actions. The TCPA's legislative history supports a conclusion that class actions were not intended, but rather that Congress envisioned the statute as providing a private right of action to consumers receiving the specifically prohibited communications, allowing them to pursue the statutory damages of $500 in small claims court without an attorney. In holding that a class action could not proceed under the TCPA, one federal district court determined that the statutory remedy is designed to provide adequate incentive for an individual plaintiff to bring suit on his own behalf. A class action would be inconsistent with the specific and personal remedy provided by Congress to address the minor nuisance of unsolicited facsimile advertisements. *See Forman v. Data Transfer, Inc.*, 164 F.R.D. 400, 404-05 (E.D. Pa. 1995).

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Doctrine of Unclean Hands. Upon information and belief, Plaintiff solicited and/or encouraged the alleged calls described in his Complaint, and knowingly consented to the recording of such calls, for the purpose of generating a lawsuit against RSC and alleging claims of a putative class as leverage to exact a settlement for his own personal benefit in an amount vastly exceeding any damages he could ever claim for his individual claims.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and claims of putative class members are barred by the doctrine of ratification.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Doctrine of *In Pari Delicto*.

### SIXTEENTH AFFIRMATIVE DEFENSE

RSC states that to the extent it engaged in any conduct which may have violated any provision of the TCPA, such violation was unintentional, accidental, and as a result of a bona fide error which occurred notwithstanding the maintenance of procedures reasonably adapted to avoid such error and ensure RSC's compliance with all applicable statutory, regulatory, and common law requirements. Additionally, RSC raises its good faith compliance as a defense to Plaintiff's claims for treble damages for alleged willing or knowing violations of the TCPA.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and claims of putative class members are barred because RSC did not use an automatic telephone dialing system as defined under the TCPA and no automatic telephone dialing system was used to contact Plaintiff or putative class members.

### EIGHTEENTH AFFIRMATIVE DEFENSE

RSC states that to the extent any provision of the TCPA was violated as a result of a purported revocation of consent from Plaintiff, Plaintiff's damages, if any, would be limited to the number of purported calls or recordings which took place after Plaintiff actually revoked his consent.

### NINETEENTH AFFIRMATIVE DEFENSE

RSC asserts that Plaintiff has not alleged any plausible facts to establish that RSC has

acted intentionally, maliciously, willfully, knowingly, recklessly, negligently, or under a false pretense in any of its alleged conduct, and therefore Plaintiff is barred from recovering treble damages under the TCPA.

### TWENTIETH AFFIRMATIVE DEFENSE

To the extent Plaintiff premises liability upon a special relationship between RSC and the actual entity or entities that allegedly called Plaintiff – which Plaintiff has not alleged – Plaintiff's claims against RSC would be barred because no facts support any theory of vicarious liability against RSC for acts of third parties outside the scope of their actual or apparent authority and Plaintiff has not conferred any benefit on RSC that could be deemed a ratification of alleged acts of third parties outside the scope of authority.

WHEREFORE, Royal Seas Cruises, Inc., requests that this Court enter judgment against Plaintiff and in favor of RSC, dismiss this action with prejudice, deny Plaintiff's request for class certification, award RSC its reasonable attorneys' fees and costs incurred in defending this action, and for such other relief this Court deems just and proper.

DATED:  May 9, 2019                    Respectfully submitted,

By:     */s/ Jeffrey A. Backman*
        JEFFREY A. BACKMAN
        Florida Bar No. 662501
        Gregg I. Strock
        Florida Bar No. 1010140
        GREENSPOON MARDER LLP
        200 E. Broward Blvd., Suite 1800
        Ft. Lauderdale, FL  33301
        (954) 491-1120
        jeffrey.backman@gmlaw.com
        khia.joseph@gmlaw.com
        gregg.strock@gmlaw.com
        cheryl.cochran@gmlaw.com

        *Attorneys for Defendant.*