UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA (FT. LAUDERDALE)

Case No. 0:19-cv-60752-RAR – Ruiz

BRENDA BELL, individually and on behalf of others similarly situated

      Plaintiff,

v.

ROYAL SEAS CRUISES, INC.,

      Defendant.
_____/

CLASS ACTION

## LOCAL RULE 16.1(B)(2) CONFERENCE REPORT

Plaintiff Brenda Bell ("Plaintiff") and Defendant Royal Seas Cruises, Inc. ("Defendant") (together referred to as the "parties"), through their respective undersigned counsel, and pursuant to the Local Rule 16.1(B)(2), certify that they met and conferred in good faith on June 7, 2019, about all matters required by the Local Rule and Federal Rule of Civil Procedure 26(f) and now submit this Joint Conference Report as follows:

**(A)** **The likelihood of settlement**: The parties believe that settlement is unlikely at this time, but will engage in good faith efforts to attempt to resolve this matter throughout the course of litigation, following the resolution of the pleadings.

**(B)** **The likelihood of appearance in the action of additional parties**: The parties do not anticipate the appearance in this action of additional parties.

**(C)** **Proposed limits on the time to:**

    **(i)** **Join other parties and to amend the pleadings:** The parties have agreed that the deadline to join additional parties and amend the pleadings will be March 28, 2020.

   (ii) **File and hear motions:** Pretrial motions shall be served as follows:

    a. Plaintiff's motion for class certification May 21, 2020

    b. Defendant's opposition to motion for class certification, June 24, 2020

    c. Plaintiff's reply in support of class certification, July 14, 2020

   (iii) **Complete discovery:**

Defendant's proposal: Phase 1 of fact discovery (individual discovery) shall be completed by January 15, 2020. Phase 2 of fact discovery (class discovery) shall be completed by June 16, 2020. However, Defendant proposes that discovery be stayed for the reasons explained below in subsection "(L)".

Plaintiff's proposal: Plaintiff does not believe discovery should be stayed or bifurcated, but has no objection to discovery closing on June 16, 2020.

**(D) Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment:** The parties agree to work together in good faith to simplify the issues presented for the Court's determination. The parties agree that motions for summary or partial summary judgment shall be filed no later than August 3, 2020. Responses shall be due 45 days thereafter, and Replies shall be due 21 days after the Responses are due.

**(E) The necessity or desirability of amendments to the pleadings:** Unknown at this time.

**(F) The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence:** The parties have agreed to discuss obtaining

admissions of fact and of documents during the discovery process. The parties have agreed to discuss entering into a joint stipulation as to production of electronically stored information.

**(G)     Suggestions for the avoidance of unnecessary proof and of cumulative evidence:** The parties agree that such issues can be disposed of by motions in limine and/or other pretrial motions and stipulations regarding undisputed facts and the authenticity of documents whose authenticity is not in dispute.

**(H)     Suggestions on the advisability of referring matters to a Magistrate Judge or master:** The parties have no objection to referring discovery disputes to the Magistrate Judge.

**(I)     A preliminary estimate of the time required for trial:** The parties estimate that, should Plaintiff's request to certify a nationwide class be granted, this action will require between seven (7) to ten (10) days of trial, exclusive of time for jury selection.

**(J)     Requested date or dates for conferences before trial, a final pretrial conference, and trial:** The parties recommend convening a status conference on August 16, 2020. The parties anticipate that the matter be ready for trial no later than October 12, 2020.

**(K)     Any issues about: (i) disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced; (ii) claims of privilege or of protection as trial-preparation materials, including -- if the parties agree on a procedure to assert those claims after production -- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502; and (iii) when the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), matters enumerated on the ESI Checklist**: The parties do not anticipate any issues regarding electronically stored information. The parties have not yet reached agreement on a procedure to assert claims of privilege or work product, but will continue to discuss this issue as discovery proceeds.

**(L)     Any other information that might be helpful to the Court in setting the case for status or pretrial conference:** Defendant contends that Plaintiff agreed to arbitrate her claims on an individual basis.  Defendant has provided evidence of this agreement to Plaintiff, but Plaintiff refuses to arbitrate her claims at all, let alone on an individual basis.  To that end, Defendant will be filing a Motion to Compel Arbitration and Dismiss Plaintiff's Class Action Complaint ("Motion"), and Defendant proposes that the proceedings, including discovery, be stayed while the Motion is pending so that Defendant is not required to expend significant resources in a case that the Court lacks subject matter jurisdiction over.  If the Court does not stay the proceedings while the Motion is pending, then Defendant proposes that discovery should be conducted in phases in this case because defendant has sufficient evidence to show that Plaintiff (i) provided prior express written consent to receive the communications that she complains of in her Class Action Complaint; and (ii) that Plaintiff agreed to arbitrate her claims on an individual basis.  Discovery should be conducted in two phases so that Defendant is not required to expend significant resources responding to class discovery before Defendant has the chance to prove that Plaintiff agreed to arbitrate her claims on an individual basis, and that Plaintiff consented to the complained of communications.  Phase 1 of fact discovery shall be limited to Plaintiff's individual claim(s) and Defendant's denials and defenses to Plaintiff's individual claims, raised in Defenses Answer, and Plaintiff's agreement to arbitrate her claims on an individual's basis.  Phase 2 of fact discovery will be focused on all other allegations and claims contained with Plaintiff's Complaint and the denials and defenses raised in Defendant's Answer.

Plaintiff does not believe that that discovery should be stayed or conducted in phases and believes discovery should proceed with respect to both class and merits issues simultaneously. Plaintiff also denies that she ever provided prior express written consent to Defendant and denies that she has entered into any agreement with Defendant at any time, including a supposed

agreement to arbitrate her claims.  Additionally, Plaintiff contends the issue of whether Defendant's source of supposed prior express consent is sufficient is an issue for the alleged Class as a whole. Thus, Plaintiff believes bifurcating discovery would be inefficient and that disputes would arise between the Parties about what topics are related to Plaintiff's individual claim and which topics are related to Class claims. Plaintiff believes that any issues regarding Plaintiff's supposed prior express consent are subsumed by the Rule 23 inquiry in any case.

Date:   June 25, 2019                              Respectfully submitted,

   **WOODROW & PELUSO, LLC**                     **GREENSPOON MARDER, LLP**

*/s/ Patrick H. Peluso*                          */s/ Jeffrey Backman*
Steven L. Woodrow*                               Jeffrey A. Backman
swoodrow@woodrowpeluso.com                       Florida Bar No. 662501
Patrick H. Peluso*                               Jeffrey.Backman@gmlaw.com
ppeluso@woodrowpeluso.com                        Gregg I. Strock
Woodrow & Peluso, LLC                            Florida Bar No. 1010140
3900 E. Mexico Avenue, Suite 300                 Gregg.Strock@gmlaw.com
Denver, Colorado 80210                           200 East Broward Blvd., Suite 1800
Tel: 720-213-0675                                Fort Lauderdale, FL  33301
Fax: 303-927-0809                                Tel:  (954) 491-1120
                                                 Fax: (954) 213-0140

Law Office of Ryan S. Shipp, PLLC
Ryan S. Shipp, Esq. (FL Bar Number 52883)
814 W. Lantana Rd. Suite 1,                      *Counsel for Defendant*
Lantana, Florida 33462
(561) 699-0399
Email: Ryan@shipplawoffice.com

*Attorneys for Plaintiff and the Class*

        * *Pro Hac Vice*

**CERTIFICATE OF SERVICE**

I certify that on June 25, 2019, I filed this document with the Clerk of Court using CM/ECF, which will serve this document on all counsel of record.

s/ Ryan S. Shipp