UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA (FT. LAUDERDALE)

Case No. 0:19-cv-60752-RAR – Ruiz

BRENDA BELL, individually and on behalf     CLASS ACTION
of others similarly situated

    Plaintiff,

v.

ROYAL SEAS CRUISES, INC.,

    Defendant.
_____/

### DEFENDANT'S MOTION FOR LEAVE TO FILE
### AMENDED ANSWER AND AFFIRMATIVE DEFENSES

Defendant Royal Seas Cruises, Inc. ("RSC"), through its undersigned counsel and pursuant to Fed. R. Civ. P. 15(a), moves this Court for leave to file an Amended Answer and Affirmative Defenses (a copy of which is attached hereto as Exhibit A) (the "Amended Answer"), and states the following:

1. Plaintiff filed her Class Action Complaint on March 22, 2019, and served it six (6) days later. *See* Dkt. Nos. 1 and 7.

2. RSC filed its Answer and Affirmative Defenses ("Answer") on May 9, 2019. *See* Dkt. No. 13.

3. At the time of filing its Answer, RSC was not aware that Plaintiff had agreed to arbitrate the claims in her Class Action Complaint. Of course Plaintiff failed to mention it and RSC was still in the process of conducting the investigation into Plaintiff's claims.

4. As soon as RSC learned that Plaintiff had agreed to arbitrate her claims, and had received a Declaration affirming the same, the undersigned promptly notified counsel for

1

Plaintiff, via email, and provided proof of the arbitration agreement. *See* Ex. B.[1] This was done just six (6) days after RSC's time had lapsed to amend its responsive pleading as a matter of course. *See* Fed. R. Civ. P. 15(a)(1).

5. Still, Plaintiff would not provide written consent to allow RSC to amend its Answer under Fed. R. Civ. P. 15(2), *see* Ex. C, so RSC must obtain the Court's leave to do so.

6. This Motion is not made in bad faith or for dilatory reasons, is not a futile request and does not unduly prejudice Plaintiff. Yet, for some unknown and unexplained reason, Plaintiff is opposing the relief sought by way of this Motion – simply a requested amendment of a pleading filed a few weeks ago.

7. By this Motion, RSC seeks leave to file the Amended Answer. The proposed amended pleading does not change any of RSC's responses to Plaintiffs' allegations except to deny that this Court has subject matter jurisdiction as a result of Plaintiff's agreement to arbitrate her claims. The agreement to arbitrate, and Plaintiff's waiver of her right to file or participate in a class action or class arbitration, are also asserted as Affirmative Defenses in the Amended Answer.[2]

## MEMORANDUM OF LAW

Pursuant to Fed. R. Civ. P. 15(a), with limited exceptions not applicable here, a party may amend its pleadings only by leave of court, which the Rule provides "should freely give leave when justice so requires." *See also*, *e.g.*, *Foman v. Davis*, 371 U.S. 178, 182 (1962) (explaining that "this mandate is to be heeded"). Accordingly, "timely motions for leave to

---

[1] The email with the proof of the arbitration agreement contained confidential information and is subject to Federal Rule of Evidence 408, and is therefore not attached to this motion. However, counsel's follow up email, sent on the same day, notified Plaintiff's counsel of RSC's intention to seek leave to amend RSC's Affirmative Defenses to include the class action waiver and arbitration as a defense, and to move to compel arbitration.

[2] RSC has also filed a Motion to Compel Arbitration and Dismiss Plaintiff's Class Action Complaint simultaneously with this Motion.

amend are held to a very liberal standard," and "the Court must provide substantial justification if it denies a timely filed motion for leave to amend." *Smith v. Trans-Siberian Orchestra*, 728 F. Supp. 2d 1315, 1318 (M.D. Fla. 2010) (citing *Laurie v. Ala. Court of Crim. App.*, 256 F.3d 1266, 1274 (11th Cir. 2001)). "Substantial reasons justifying a denial include undue delay, bad faith, dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of allowance of the amendment." *Laurie*, 256 F.3d at 1274 (internal quotation omitted).

Here, there is no undue delay, bad faith, or dilatory motive on RSC's part in seeking leave to file the Amended Answer, and there is no undue prejudice to Plaintiff. This motion is being filed less than a month after RSC could have amended its pleading as a matter of course. RSC attempted to amend its pleading without leave of court by seeking Plaintiff's written consent to allow RSC to amend its Answer under Fed. R. Civ. P. 15(2) – just six (6) days after RSC's time had lapsed to amend its responsive pleading as a matter of course – but Plaintiff refused. Thus, this motion is timely and is not brought in bad faith or for dilatory reasons, and does not unduly prejudice Plaintiff.

WHEREFORE, RSC requests that the Court enter an Order granting RSC leave to file the proposed Amended Answer, and such other and further relief as the Court deems just and proper.

**CERTIFICATE OF GOOD FAITH
<u>CONFERRAL PURSUANT TO LOCAL RULE 7.1(a)(3)</u>**

Counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

Dated: June 25, 2019                              Respectfully submitted,

                                                           By:    */s/ Gregg I. Strock*

GREGG I. STROCK
Florida Bar No. 1010140
JEFFREY A. BACKMAN
Florida Bar No. 662501
GREENSPOON MARDER LLP
200 E. Broward Blvd., Suite 1800
Ft. Lauderdale, FL  33301
(954) 491-1120
jeffrey.backman@gmlaw.com
khia.joseph@gmlaw.com
gregg.strock@gmlaw.com
cheryl.cochran@gmlaw.com

*Attorneys for Defendant.*